PHILLIP A. TALBERT
Acting United States Attorney
ROBERT J. ARTUZ
Special Assistant U.S. Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile:  (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 2:21-CR-0150 WBS |
|---|---|
| Plaintiff, | PLEA AGREEMENT |
| v. | DATE: AUGUST 30, 2021<br>TIME: 9:00 AM |
| RICHARD BELDON WATERS III, | COURT: Hon. William B. Shubb |
| Defendant. | |

## I.  INTRODUCTION

**A.  Scope of Agreement.**

The Information in this case charges the defendant, RICHARD BELDON WATERS III, with violations of 18 U.S.C. § 1344 – Bank Fraud (Count One); and 18 U.S.C. § 1708 – Possession of Stolen U.S. Mail (Count Two).  This document contains the complete plea agreement between the United States Attorney's Office for the Eastern District of California (the "government") and the defendant regarding this case.  This plea agreement is limited to the United States Attorney's Office for the Eastern District of California and cannot bind any other federal, state, or local prosecuting, administrative, or regulatory authorities.

**B.  Court Not a Party.**

The Court is not a party to this plea agreement.  Sentencing is a matter solely within the discretion of the Court, and the Court may take into consideration any and all facts and circumstances

PLEA AGREEMENT                                          1

concerning the criminal activities of defendant, including activities which may not have been charged in the Information. The Court is under no obligation to accept any recommendations made by the government, and the Court may in its discretion impose any sentence it deems appropriate up to and including the statutory maximum stated in this plea agreement.

If the Court should impose any sentence up to the maximum established by the statute, the defendant cannot, for that reason alone, withdraw his guilty plea, and he will remain bound to fulfill all of the obligations under this plea agreement. The defendant understands that neither the prosecutor, defense counsel, nor the Court can make a binding prediction or promise regarding the sentence he will receive.

## II. DEFENDANT'S OBLIGATIONS

### A. Guilty Plea.

The defendant will plead guilty to Count One, a violation of 18 U.S.C. § 1344 – Bank Fraud; and Count Two, a violation of 18 U.S.C. § 1708 – Possession of Stolen U.S. Mail. The defendant agrees that he is in fact guilty of these charges and that the facts set forth in the Factual Basis for Plea attached hereto as Exhibit A are accurate.

The defendant agrees that this plea agreement will be filed with the Court and become a part of the record of the case. The defendant understands and agrees that he will not be allowed to withdraw his pleas should the Court not follow the government's sentencing recommendations.

The defendant agrees that the statements made by him in signing this Agreement, including the factual admissions set forth in the factual basis, shall be admissible and useable against the defendant by the United States in any subsequent criminal or civil proceedings, even if the defendant fails to enter a guilty plea pursuant to this Agreement. The defendant waives any rights under Fed. R. Crim. P. 11(f) and Fed. R. Evid. 410, to the extent that these rules are inconsistent with this paragraph or with this Agreement generally.

### B. Restitution.

The Mandatory Victim Restitution Act requires the Court to order restitution to the victims of certain offenses. Defendant agrees that his conduct is governed by the Mandatory Restitution Act pursuant to 18 U.S.C. § 3663A(c)(1)(A)(ii) and agrees to pay the full amount of restitution to all victims

PLEA AGREEMENT 2

affected by this offense, including, but not limited to, the victims covered in the factual basis, victims covered in those counts to be dismissed as part of the plea agreement pursuant to 18 U.S.C. § 3663A(a)(3), and other victims as a result of the defendant's conduct for the offenses charged in the indictment. Restitution payments shall be by cashier's or certified check made payable to the Clerk of the Court.

Defendant further agrees that he will not seek to discharge any restitution obligation or any part of such obligation in any bankruptcy proceeding.

### C. Fine.

The parties agree that no fine is appropriate in this case.

### D. Special Assessment.

The defendant agrees to pay a special assessment of $200 at the time of sentencing by delivering a check or money order payable to the United States District Court to the United States Probation Office immediately before the sentencing hearing. The defendant understands that this plea agreement is voidable at the option of the government if he fails to pay the assessment prior to that hearing. If the defendant is unable to pay the special assessment at the time of sentencing, he agrees to earn the money to pay the assessment, if necessary by participating in the Inmate Financial Responsibility Program.

### E. Violation of Plea Agreement by Defendant/Withdrawal of Pleas.

If the defendant violates this plea agreement in any way, withdraws his plea, or tries to withdraw his plea, this plea agreement is voidable at the option of the government. If the government elects to void the agreement based on the defendant's violation, the government will no longer be bound by its representations to the defendant concerning the limits on criminal prosecution and sentencing as set forth herein. A defendant violates the plea agreement by committing any crime or providing or procuring any statement or testimony which is knowingly false, misleading, or materially incomplete in any litigation or sentencing process in this case, or engages in any post-plea conduct constituting obstruction of justice. Varying from stipulated Guidelines application or agreements regarding arguments as to 18 United States Code section 3553, as set forth in this agreement, personally or through counsel, also constitutes a violation of the plea agreement. The government also shall have the right (1) to prosecute the defendant on any of the counts to which he pleaded guilty; (2) to reinstate any counts

that may be dismissed pursuant to this plea agreement; and (3) to file any new charges that would otherwise be barred by this plea agreement. The defendant shall thereafter be subject to prosecution for any federal criminal violation of which the government has knowledge. The decision to pursue any or all of these options is solely in the discretion of the United States Attorney's Office.

By signing this plea agreement, the defendant agrees to waive any objections, motions, and defenses that the defendant might have to the government's decision. Any prosecutions that are not time-barred by the applicable statute of limitations as of the date of this plea agreement may be commenced in accordance with this paragraph, notwithstanding the expiration of the statute of limitations between the signing of this plea agreement and the commencement of any such prosecutions. The defendant agrees not to raise any objections based on the passage of time with respect to such counts including, but not limited to, any statutes of limitation or any objections based on the Speedy Trial Act or the Speedy Trial Clause of the Sixth Amendment to any counts that were not time-barred as of the date of this plea agreement. The determination of whether the defendant has violated the plea agreement will be under a probable cause standard.

In addition, (1) all statements made by the defendant to the government or other designated law enforcement agents, or any testimony given by the defendant before a grand jury or other tribunal, whether before or after this plea agreement, shall be admissible in evidence in any criminal, civil, or administrative proceedings hereafter brought against the defendant; and (2) the defendant shall assert no claim under the United States Constitution, any statute, Rule 11(f) of the Federal Rules of Criminal Procedure, Rule 410 of the Federal Rules of Evidence, or any other federal rule, that statements made by the defendant before or after this plea agreement, or any leads derived therefrom, should be suppressed. By signing this plea agreement, the defendant waives any and all rights in the foregoing respects.

### F. Forfeiture.

The defendant agrees to abandon and forfeit to the U.S. Postal Inspection Service and the United States voluntarily and immediately all of his right, title, and interest to any and all seized items, specifically including the following seized items: stolen mail, fraudulent bankcards, burglary tools, currency and electronic devices containing evidence of the offenses or the personally identifiable information of third parties including smart phones, tablets, and laptops. The defendant agrees to waive

PLEA AGREEMENT  4

his right to notice of any forfeiture proceeding involving this property, and agrees to not file a claim or assist others in filing a claim in that forfeiture proceeding.

### G.  Asset Disclosure.

The defendant agrees to make a full and complete disclosure of his assets and financial condition, and will complete the United States Attorney's Office's "Authorization to Release Information" and "Financial Affidavit" within five (5) weeks from the entry of the defendant's change of plea, including supporting documentation. The defendant also agrees to have the Court enter an order to that effect. The defendant understands that if he fails to complete truthfully and provide the described documentation to the United States Attorney's office within the allotted time, he will be considered in violation of the agreement, and the government shall be entitled to the remedies set forth in section II.E above, above.

## III.  THE GOVERNMENT'S OBLIGATIONS

### A.  Dismissals/Other Charges.

The government agrees to move, at the time of sentencing, to dismiss without prejudice any remaining counts in the pending Information. The government also agrees not to reinstate any dismissed count except if this agreement is voided as set forth herein, or as provided in paragraphs II.E (Violation of Plea Agreement by Defendant/Withdrawal of Pleas), VI.B (Stipulations and Positions Affecting Guideline Calculation), and VII.B (Waiver of Appeal and Collateral Attack) herein.

### B.  Recommendations.

1.  Incarceration Range.

The government will recommend that the defendant be sentenced within the applicable guideline range (including the application of the mandatory statutory minimum term) as determined by the Court.

2.  Acceptance of Responsibility.

The government will recommend a two-level reduction (if the offense level is less than 16) or a three-level reduction (if the offense level reaches 16) in the computation of his offense level if the defendant clearly demonstrates acceptance of responsibility for his conduct as defined in U.S.S.G. § 3E1.1. This includes the defendant meeting with and assisting the probation officer in the preparation of

PLEA AGREEMENT                                5

the pre-sentence report, being truthful and candid with the probation officer, and not otherwise engaging in conduct that constitutes obstruction of justice within the meaning of U.S.S.G § 3C1.1, either in the preparation of the pre-sentence report or during the sentencing proceeding.

### C. Use of Information for Sentencing.

The government is free to provide full and accurate information to the Court and Probation, including answering any inquiries made by the Court and/or Probation and rebutting any inaccurate statements or arguments by the defendant, his attorney, Probation, or the Court. The defendant also understands and agrees that nothing in this Plea Agreement bars the government from defending on appeal or collateral review any sentence that the Court may impose.

## IV. ELEMENTS OF THE OFFENSE

At a trial, the government would have to prove beyond a reasonable doubt the following elements of the offense to which the defendant is pleading guilty, Count One, a violation of 18 U.S.C. § 1344 – Bank Fraud:

> First, beginning in April 2020 and continuing through August 2020, the defendant knowingly executed a scheme or plan to obtain money or property from a financial institution by making false statements or promises;
>
> Second, the defendant knew that the statements or promises were false;
>
> Third, the statements or promises were material; that is, they had a natural tendency to influence, or were capable of influencing, a financial institution to part with money or property;
>
> Fourth, the defendant acted with the intent to defraud; and
>
> Fifth, the financial institution was federally insured.

At a trial, the government would have to prove beyond a reasonable doubt the following elements of the offense to which the defendant is pleading guilty, Count Two, a violation of 18 U.S.C. § 1708 – Possession of Stolen Mail:

> First, a letter, postal card, package, bag, or mail was stolen from the mail, post office, letter box, private mail box, mail receptacle, mail route, authorized depository for mail matter, or mail carrier;
>
> Second, the defendant possessed the letter, postal card, package, bag, mail, or an item

contained therein; and

Third, the defendant knew that the possessed item was stolen.

The defendant fully understands the nature and elements of the crimes charged in the Information to which he is pleading guilty, together with the possible defenses thereto, and has discussed them with his attorney.

## V. MAXIMUM SENTENCE

### A. Maximum Penalty.

The maximum sentence that the Court can impose for a violation of 18 U.S.C. § 1344 (Bank Fraud) is 30 years of incarceration, a fine of $1,000,000, a 5-year period of supervised release, and a special assessment of $100. The maximum sentence that the Court can impose for a violation of 18 U.S.C. § 1708 (Possession of Stolen U.S. Mail) is 5 years of incarceration, a fine of $250,000, a 3-year period of supervised release, and a special assessment of $100. By signing this plea agreement, the defendant also agrees that the Court can order the payment of restitution for the full loss caused by the defendant's wrongful conduct. The defendant agrees that the restitution order is not restricted to the amounts alleged in the specific counts to which he is pleading guilty. The defendant further agrees, as noted above, that he will not attempt to discharge in any present or future bankruptcy proceeding any restitution imposed by the Court.

### B. Violations of Supervised Release.

The defendant understands that if he violates a condition of supervised release at any time during the term of supervised release, the Court may revoke the term of supervised release and require the defendant to serve up to three additional years imprisonment.

## VI. SENTENCING DETERMINATION

### A. Statutory Authority.

The defendant understands that the Court must consult the Federal Sentencing Guidelines and must take them into account when determining a final sentence. The defendant understands that the Court will determine a non-binding and advisory guideline sentencing range for this case pursuant to the Sentencing Guidelines and must take them into account when determining a final sentence. The defendant further understands that the Court will consider whether there is a basis for departure from the

PLEA AGREEMENT           7

guideline sentencing range (either above or below the guideline sentencing range) because there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the Guidelines. The defendant further understands that the Court, after consultation and consideration of the Sentencing Guidelines, must impose a sentence that is reasonable in light of the factors set forth in 18 U.S.C. § 3553(a).

B. **Stipulations and Positions Affecting Guideline Calculation.**

The government and the defendant agree that the following is their present best estimate of the defendant's offense level under the sentencing guidelines. These estimates shall not be binding on the Court, the Probation Office, or the parties:

1. Base Offense Level: +7
2. Acceptance of Responsibility: See paragraph III.B.2 above
3. Intended Loss Amount: +10 (Over $150,000 – U.S.S.G. §2B1.1(b)(1)(F))
4. Victim-related Adjustments: +2 (More than 10 victims – U.S.S.G. §2B1.1(b)(2)(A))
5. The offenses involved the production or trafficking of an unauthorized access device or counterfeit access device OR the unauthorized transfer or use of any means of identification unlawfully to produce or obtain any other means of identification: +2 (§2B1.1(b)(11)(B))

The parties agree that they will not seek or argue in support of any other specific offense characteristics, Chapter Three adjustments (other than the decrease for "Acceptance of Responsibility"), or cross-references, except that the government may move for a departure or an adjustment based on the defendant's post-plea obstruction of justice (§3C1.1). Both parties agree not to move for, or argue in support of, any departure from the Sentencing Guidelines.

The defendant is free to move for, and argue in support of, a variance and recommend to the Court whatever sentence he believes is appropriate under 18 U.S.C. § 3553(a). The government is not obligated to recommend any specific sentence.

## VII.   WAIVERS

A. **Waiver of Constitutional Rights.**

The defendant understands that by pleading guilty he is waiving the following constitutional rights: (a) to plead not guilty and to persist in that plea if already made; (b) to be tried by a jury; (c) to

be assisted at trial by an attorney, who would be appointed if necessary; (d) to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, constitutional challenges to the statutes of conviction, and other pretrial motions that have been filed or could be filed; (e) to subpoena witnesses to testify on his behalf; (f) to confront and cross-examine witnesses against him; and (g) not to be compelled to incriminate himself.

### B.     Waiver of Appeal and Collateral Attack.

The defendant understands that the law gives the defendant a right to appeal his guilty plea, conviction, and sentence. The defendant agrees as part of his pleas, however, to give up the right to appeal the guilty plea, conviction, and the sentence imposed in this case as long as the sentence does not exceed the statutory maximums for the offenses to which he is pleading guilty. The defendant understands that this waiver includes, but is not limited to, any and all constitutional and/or legal challenges to the defendant's conviction and guilty plea, including arguments that the statutes to which defendant is pleading guilty are unconstitutional, and any and all claims that the statement of facts attached to this agreement is insufficient to support the defendant's plea of guilty. The defendant specifically gives up the right to appeal any order of restitution the Court may impose.

Notwithstanding the defendant's waiver of appeal, the defendant will retain the right to appeal if one of the following circumstances occurs: (1) the sentence imposed by the District Court exceeds the statutory maximum; and/or (2) the government appeals the sentence in the case. The defendant understands that these circumstances occur infrequently and that in almost all cases this Agreement constitutes a complete waiver of all appellate rights.

In addition, regardless of the sentence the defendant receives, the defendant also gives up any right to bring a collateral attack, including a motion under 28 U.S.C. § 2255 or § 2241, challenging any aspect of the guilty plea, conviction, or sentence, except for non-waivable claims.

Notwithstanding the government's agreements in paragraph III.A above, if the defendant ever attempts to vacate his pleas, dismiss the underlying charges, or modify or set aside his sentence on any of the counts to which he is pleading guilty, the government shall have the rights set forth in Section II.E herein.

///

### C. Waiver of Attorneys' Fees and Costs.

The defendant agrees to waive all rights under the "Hyde Amendment," Section 617, P.L. 105-119 (Nov. 26, 1997), to recover attorneys' fees or other litigation expenses in connection with the investigation and prosecution of all charges in the above-captioned matter and of any related allegations (including without limitation any charges to be dismissed pursuant to this plea agreement and any charges previously dismissed).

### D. Impact of Plea on Defendant's Immigration Status.

Defendant recognizes that pleading guilty may have consequences with respect to his immigration status if he is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including offenses to which the defendant is pleading guilty. The defendant and his counsel have discussed the fact that the charge to which the defendant is pleading guilty is an aggravated felony, or a crime that is likely to be determined to be an aggravated felony under 8 USC § 1101(a)(43), and that while there may be arguments that defendant can raise in immigration proceedings to avoid or delay removal, it is virtually certain that defendant will be removed. Removal and other immigration consequences are the subject of a separate proceeding, however, and defendant understands that no one, including his attorney or the district court, can predict to a certainty the effect of his conviction on his immigration status. Defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his plea may entail, even if the consequence is his automatic removal from the United States.

## VIII. ENTIRE PLEA AGREEMENT

Other than this plea agreement, no agreement, understanding, promise, or condition between the government and the defendant exists, nor will such agreement, understanding, promise, or condition exist unless it is committed to writing and signed by the defendant, counsel for the defendant, and counsel for the United States.

///
///
///

### IX. APPROVALS AND SIGNATURES

**A. Defense Counsel.**

I have read this plea agreement and have discussed it fully with my client. The plea agreement accurately and completely sets forth the entirety of the agreement. I concur in my client's decision to plead guilty as set forth in this plea agreement.

Dated: 24 Aug, 2021

JENNIFER MOUZIS
Attorney for Defendant

**B. Defendant:**

I have read this plea agreement and carefully reviewed every part of it with my attorney. I understand it, and I voluntarily agree to it. Further, I have consulted with my attorney and fully understand my rights with respect to the provisions of the Sentencing Guidelines that may apply to my case. No other promises or inducements have been made to me, other than those contained in this plea agreement. In addition, no one has threatened or forced me in any way to enter into this plea agreement. Finally, I am satisfied with the representation of my attorney in this case.

Dated: 8/24/2021

RICHARD BELDON WATERS III
Defendant

**C. Attorney for United States:**

I accept and agree to this plea agreement on behalf of the government.

Dated: Aug. 24, 2021

PHILLIP A. TALBERT
Acting United States Attorney

ROBERT J. ARTUZ
Special Assistant U.S. Attorney

EXHIBIT "A"

Factual Basis for Pleas

From in or about April 2020 and continuing through in or about August 2020, Defendant RICHARD BELDON WATERS III, Co-Defendant Desiree Brianna Sanchez-Bello, and others, in the State and Eastern District of California, knowingly executed a material scheme and plan to obtain money from a financial institution by making material false statements or promises. The material scheme involved stealing U.S. mail from residential mail receptacles and boxes and harvesting bankcards, identification documents, financial information, checks, and identity-theft victim personally identifying information (PII) for use in fraudulent activity. The material scheme also involved posing as identify-theft victims using their means of identification and PII to cause, persuade, and induce financial institutions to part with money.

In one instance, on or about June 25, 2020, Sanchez-Bello entered Hyundai dealership in Stockton, CA, with intent to defraud consistent with this scheme. Sanchez-Bello posed as Victim 1 and used the victim's identity and PII to lease a new Hyundai Genesis G80 vehicle. As a material part of the lease transaction, Sanchez-Bello made an initial payment in the amount of $7,000 with a fraudulent personal check (No. 2334) displaying Victim 1's name and that was written under a closed Wells Fargo Bank checking account (ending 9971). Sanchez-Bello also submitted a fraudulent lease application using Victim 1's identity, and the dealership ultimately approved the application. In completing the application, Sanchez-Bello used Victim 1's true name, DOB, California Driver's License number, and Social Security Number. The fraudulent application and check payment caused the dealership to give Sanchez-Bello possession of the vehicle, valued at $55,490. On that same day, Sanchez-Bello completed the transaction and drove off the lot with the new Genesis G80. Sanchez-Bello committed these foreseeable acts with WATERS's knowledge and in furtherance of this bank fraud scheme of which WATERS was a knowing participant. WATERS and Sanchez-Bello committed these acts without Victim 1's knowledge or consent and knowing that her statements were false.

In another instance, on or about May 9, 2020, WATERS and Sanchez-Bello drove to a Chevron gas station in Cameron Park, California, in a white Honda Accord (CA license plate 8GKP754). They entered the gas station and used a Bank of America Visa card (ending 1312) in the name of Victim 2 to make a $62.26 purchase. They made this purchase without Victim 2's knowledge or consent and with intent to defraud Bank of America. WATERS and Sanchez-Bello made other fraudulent purchases with the Visa card on the same day, including a $611.84 payment to Access Securepak, a company that sold goods that could be sent to incarcerated inmates. Additionally, WATERS and Sanchez-Bello obtained the used Honda Accord by fraud, on or about April 26, 2020, from an Acura dealership in Pittsburg, California, in furtherance of this identity-theft and bank fraud scheme. During the purchase, Sanchez-Bello posed as Victim 3 using a fraudulent California driver's license in Victim 3's name to purchase the Honda using a fraudulent form of payment.

Additionally, on two separate occasions, on or about May 11, 2020 and May 18, 2020, WATERS knowingly possessed stolen U.S. mail. On May 11, 2020, WATERS was arrested in Folsom, California, and found to be in possession of stolen mail including over 300 pieces in other persons' names. On May 18, 2020, WATERS was arrested again in El Dorado Hills, California, and found to be in possession of five large trash bags of stolen mail that he and her co-schemers had just stolen minutes earlier from a residential complex.

I have reviewed the entire factual basis in Exhibit A above and, as far as my own conduct and personal knowledge is concerned, I adopt it as my own true statement.

DATED: 8/24/2021

_____
RICHARD BELDON WATERS III
Defendant

PLEA AGREEMENT                                          A-1